1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9               FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   SHARON L. BURTON,                    No.  CIV.S-04-0692 DAD

12           Plaintiff,

13      v.                                ORDER

14   JO ANNE B. BARNHART,
     Commissioner of Social
15   Security,

16           Defendant.
     _____/

17

18           This social security action was submitted to the court,

19   without oral argument, for ruling on plaintiff's motion for judgment

20   on the pleadings and defendant's cross-motion for summary judgment.

21   For the reasons explained below, the decision of the Commissioner of

22   Social Security ("Commissioner") is affirmed.

23                        **PROCEDURAL BACKGROUND**

24           On April 9, 1997, plaintiff Sharon L. Burton applied for

25   Disability Insurance Benefits under Title II of the Social Security

26   Act (the "Act").  (Transcript (Tr.) at 111-14.)  The Commissioner

                                    1

1  denied plaintiff's application initially and plaintiff did not seek

2  reconsideration.  (Tr. at 53, 76-81, 91-94.)

3          On April 3, 1998, plaintiff filed another application for

4  Title II benefits.  (Tr. at 115-17.)  The Commissioner denied

5  plaintiff's application initially and on reconsideration.  (Tr. at

6  82-90, 95-104.)  Pursuant to plaintiff's request, a hearing was held

7  before an administrative law judge ("ALJ") on June 24, 1999, at which

8  time plaintiff was represented by counsel.  (Tr. at 605-30.)  In a

9  decision issued on October 21, 1999, the ALJ determined that

10 plaintiff was not disabled.  (Tr. at 50-68.)  The Appeals Council

11 granted plaintiff's request for review of that decision and remanded

12 the matter for further proceedings.  (Tr. at 525-27.)

13         On October 7, 2002,[1] a second hearing was conducted before

14 an ALJ and plaintiff again was represented by counsel.  (Tr. at 631-

15 55.)  In a decision issued on November 7, 2002, that ALJ determined

16 that plaintiff was not disabled.  (Tr. at 22-38.)  The ALJ entered

17 the following findings:

18         1.  The claimant meets the nondisability
               requirements for a period of disability
19             and Disability Insurance Benefits set
               forth in Section 216(i) of the Social
20             Security Act and is insured for
               benefits through September 30, 2001.

21         2.  The claimant has not engaged in
22             substantial gainful activity since the
               alleged onset of disability.

23

24 /////

25 ─────────────────────

26     [1] The transcript of this hearing inaccurately reflects the year
   of the hearing as 2003.

2

3.  The claimant has an impairment or a
    combination of impairments considered
    "severe" based on the requirements in
    the Regulations 20 CFR § 404. 1520(b).

4.  These medically determinable
    impairments do not meet or medically
    equal one of the listed impairments in
    Appendix 1, Subpart P, Regulation No.
    4.

5.  The undersigned finds the claimant's
    allegations regarding her limitations
    are not totally credible for the
    reasons set forth in the body of the
    decision.

6.  The undersigned has carefully
    considered all of the medical opinions
    in the record regarding the severity of
    the claimant's impairments (20 CFR §
    404.1527).

7.  The claimant has the following residual
    functional capacity: work that does not
    involve lifting over 40 pounds
    occasionally or 20 pounds frequently;
    does not involve complex tasks; and
    does not involve more than occasional
    feeling with the fingers.

8.  The claimant's past relevant work as
    medical records clerk and store clerk
    did not require the performance of
    work-related activities precluded by
    her residual functional capacity (20
    CFR § 404.1565).

9.  The claimant's medically determinable
    impairments do not prevent the claimant
    from performing her past relevant work.

10. The claimant was not under a
    "disability" as defined in the Social
    Security Act, at any time through the
    date of the decision (20 CFR §
    404.1520).

(Tr. at 37-38.)  The Appeals Council declined review of the ALJ's

decision on February 10, 2004.  (Tr. at 6-8.)  Plaintiff then sought

3

1  judicial review, pursuant to 42 U.S.C. § 405(g), by filing the

2  complaint in this action on April 7, 2004.

3                          **LEGAL STANDARD**

4        The Commissioner's decision that a claimant is not disabled

5  will be upheld if the findings of fact are supported by substantial

6  evidence and the proper legal standards were applied.  Schneider v.

7  Comm'r of the Soc. Sec. Admin., 223 F.3d 968, 973 (9th Cir. 2000);

8  Morgan v. Comm'r of the Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir.

9  1999).  The findings of the Commissioner as to any fact, if supported

10 by substantial evidence, are conclusive.  See Miller v. Heckler, 770

11 F.2d 845, 847 (9th Cir. 1985).  Substantial evidence is such relevant

12 evidence as a reasonable mind might accept as adequate to support a

13 conclusion.  Morgan, 169 F.3d at 599; Jones v. Heckler, 760 F.2d 993,

14 995 (9th Cir. 1985) (citing Richardson v. Perales, 402 U.S. 389, 401

15 (1971)).

16       A reviewing court must consider the record as a whole,

17 weighing both the evidence that supports and the evidence that

18 detracts from the ALJ's conclusion.  See Jones, 760 F.2d at 995.  The

19 court may not affirm the ALJ's decision simply by isolating a

20 specific quantum of supporting evidence.  Id.; see also Hammock v.

21 Bowen, 879 F.2d 498, 501 (9th Cir. 1989).  If substantial evidence

22 supports the administrative findings, or if there is conflicting

23 evidence supporting a finding of either disability or nondisability,

24 the finding of the ALJ is conclusive, see Sprague v. Bowen, 812 F.2d

25 1226, 1229-30 (9th Cir. 1987), and may be set aside only if an

26 /////

1   improper legal standard was applied in weighing the evidence, <u>see</u>

2   <u>Burkhart v. Bowen</u>, 856 F.2d 1335, 1338 (9th Cir. 1988).

3        In determining whether or not a claimant is disabled, the

4   ALJ should apply the five-step sequential evaluation process

5   established under Title 20 of the Code of Federal Regulations,

6   Sections 404.1520 and 416.920.  <u>See</u> <u>Bowen v. Yuckert</u>, 482 U.S. 137,

7   140-42 (1987).  This five-step process can be summarized as follows:

8            Step one: Is the claimant engaging in substantial
             gainful activity?  If so, the claimant is found
9            not disabled.  If not, proceed to step two.

10           Step two: Does the claimant have a "severe"
             impairment?  If so, proceed to step three.  If
11           not, then a finding of not disabled is
             appropriate.
12
             Step three: Does the claimant's impairment or
13           combination of impairments meet or equal an
             impairment listed in 20 C.F.R., Pt. 404, Subpt.
14           P, App. 1?  If so, the claimant is conclusively
             presumed disabled.  If not, proceed to step four.
15
             Step four: Is the claimant capable of performing
16           his past work?  If so, the claimant is not
             disabled.  If not, proceed to step five.
17
             Step five: Does the claimant have the residual
18           functional capacity to perform any other work?
             If so, the claimant is not disabled.  If not, the
19           claimant is disabled.

20   <u>Lester v. Chater</u>, 81 F.3d 821, 828 n.5 (9th Cir. 1995).  The claimant

21   bears the burden of proof in the first four steps of the sequential

22   evaluation process.  <u>Yuckert</u>, 482 U.S. at 146 n.5.  The Commissioner

23   bears the burden if the sequential evaluation process proceeds to

24   step five.  <u>Id</u>.; <u>Tackett v. Apfel</u>, 180 F.3d 1094, 1098 (9th Cir.

25   1999).

26   /////

1                           **APPLICATION**

2              Plaintiff advances essentially two arguments in her motion

3   for summary judgment.  First, plaintiff generally challenges the

4   ALJ's assessment at step four of the sequential evaluation that

5   plaintiff is able to perform her past relevant work.  Second,

6   plaintiff maintains that the ALJ erred in discounting the testimony

7   of plaintiff regarding the severity of her symptoms and the resulting

8   limitations those symptoms place upon her.  The court addresses

9   plaintiff's arguments below.

10             The primary argument advanced by plaintiff concerns the

11  ALJ's analysis at step four of the sequential evaluation.  "Although

12  the burden of proof lies with the claimant at step four, the ALJ

13  still has a duty to make the requisite factual findings to support

14  his conclusion.  S.S.R. 82-62.  <u>See</u> 20 C.F.R. §§ 404.1571 and

15  416.971, 404.1574 and 416.974, 404.1565 and 416.965."  <u>Pinto v.</u>

16  <u>Massanari</u>, 249 F.3d 840, 844 (9th Cir. 2001).  "This is done by

17  looking at the 'residual functional capacity and the physical and

18  mental demands' of the claimant's past relevant work.  20 C.F.R. §§

19  404.1520(e) and 416.920(e)."  <u>Pinto</u>, 249 F.3d at 844-45.  The

20  claimant must be able to perform: (1) the actual functional demands

21  and job duties of a particular past relevant job; or (2) the

22  functional demands and job duties of the occupation as generally

23  required by employers throughout the national economy.  <u>Id</u>. at 845

24  (citing S.S.R. 82-61).  "This requires specific findings as to the

25  claimant's residual functional capacity, the physical and mental

26  /////

1  demands of the past relevant work, and the relation of the residual

2  functional capacity to the past work." <u>Id.</u> (citing S.S.R. 82-62).

3          "Social Security Regulations name two sources of

4  information that may be used to define a claimant's past relevant

5  work as actually performed: a properly completed vocational report,

6  S.S.R. 82-61, and the claimant's own testimony, S.S.R. 82-41." <u>Id.</u>

7  "[T]he best source for how a job is generally performed is usually

8  the Dictionary of Occupational Titles." <u>Id.</u> at 845-46 (citing

9  <u>Johnson v. Shalala</u>, 60 F.3d 1428, 1435 (9th Cir. 1995) and 20 C.F.R.

10 §§ 404.1566(d) and 416.966(d)).

11         Plaintiff's specific challenge with respect to the ALJ's

12 step four analysis concerns the extent of plaintiff's ability to use

13 her hands.  While the ALJ found that plaintiff has limitations in

14 feeling, plaintiff asserts that the ALJ should have found limitations

15 in feeling <u>and</u> fingering.  Plaintiff's argument lacks merit.

16         Substantial evidence supports the ALJ's finding that

17 plaintiff does not have manipulative limitations in her hands beyond

18 her limitations in feeling.  More specifically, the opinions of

19 examining neurologist Steve Guse, M.D. (Tr. at 591, 595); examining

20 internist Jamshid Tamiry, M.D. (Tr. at 334-36); examining internist

21 Anthony Gabriel, M.D. (Tr. at 363-64); and the two nonexamining state

22 agency physicians (Tr. at 353, 378) all constitute relevant evidence

23 that a reasonable mind might accept as adequate to support the

24 specific finding that plaintiff has limitations with respect to the

25 use of her hands in feeling only.  Plaintiff's argument to the

26 contrary therefore is rejected.

7

1    With respect to the step four analysis, plaintiff also

2  argues that the ALJ improperly rejected the testimony of the

3  vocational expert in favor of information contained in the Dictionary

4  of Occupational Titles.  Admittedly, the vocational expert testified

5  that plaintiff would not be able to perform her past relevant work as

6  a medical records clerk or a store clerk if, as the ALJ found,

7  plaintiff were limited to occasional feeling.  (Tr. at 649.)

8  However, the ALJ rejected that testimony in favor of the definitions

9  of plaintiff's past relevant work set forth in the Dictionary of

10  Occupational Titles, definitions which indicate that the positions of

11  medical records clerk or a store clerk do not require feeling,

12  although handling and fingering are involved.[2]  (Tr. at 36-37.)  The

13  _____

14    [2]   The relevant definitions read as follows:

15    **245.362-010 MEDICAL-RECORD CLERK (medical ser.)**

16    Compiles, verifies, types, and files medical
     records of hospital or other health care
     facility: Prepares folders and maintains records
17   of newly admitted patients. Reviews medical
     records for completeness, assembles records into
18   standard order, and files records in designated
     areas according to applicable alphabetic and
19   numeric filing system. Locates, signs out, and
     delivers medical records requested by hospital
20   departments. Compiles statistical data, such as
     admissions, discharges, deaths, births, and types
21   of treatment given. Operates computer to enter
     and retrieve data and type correspondence and
22   reports. May assist other workers with coding of
     records. May post results of laboratory tests to
23   records and be designated Charting Clerk (medical
     ser.).

24   *GOE: 07.05.03 STRENGTH: L GED: R4 M3 L3 SVP: 4 DLU: 88*

25   **290.477-014 SALES CLERK (retail trade)**

26

ALJ did not err in this regard.  The authorities set forth above

indicate that a claimant can be found not disabled if she can perform

the functional demands and job duties of her past occupation as

generally required by employers throughout the national economy.  <u>See</u>

<u>Pinto</u>, 249 F.3d at 845.  Further, it has been determined that the

best source for how a job is generally performed is usually the

Dictionary of Occupational Titles.  <u>See</u> <u>id</u>. at 845-46.  Indeed,

additional Ninth Circuit authority indicates that vocational expert

testimony is not even required at step four, although it may be

utilized if the ALJ so chooses.  <u>See</u> <u>Matthews v. Shalala</u>, 10 F.3d

678, 681 (9th Cir. 1993)("In the instant case, since Matthews failed

---

          Obtains or receives merchandise, totals bill,
accepts payment, and makes change for customers
in retail store such as tobacco shop, drug store,
candy store, or liquor store: Stocks shelves,
counters, or tables with merchandise. Sets up
advertising displays or arranges merchandise on
counters or tables to promote sales. Stamps,
marks, or tags price on merchandise. Obtains
merchandise requested by customer or receives
merchandise selected by customer. Answers
customer's questions concerning location, price,
and use of merchandise. Totals price and tax on
merchandise purchased by customer, using paper
and pencil, cash register, or calculator, to
determine bill. Accepts payment and makes change.
Wraps or bags merchandise for customers. Cleans
shelves, counters, or tables. Removes and records
amount of cash in register at end of shift. May
calculate sales discount to determine price. May
keep record of sales, prepare inventory of stock,
or order merchandise. May be designated according
to product sold or type of store.

    *GOE: 09.04.02 STRENGTH: L GED: R3 M2 L2 SVP: 3 DLU: 82*

<u>See</u> <u>Dictionary of Occupational Titles</u>, U.S. Dept. of Labor (4th ed.
1991)("DOT"), §§ 245.362.010 and 290.477-014.

to show that he was unable to return to his previous job as a receiving clerk/inspector, the burden of proof remained with Matthews.  The vocational expert's testimony was thus useful, but not required.").

Accordingly, the court is not persuaded by plaintiff's argument regarding the ALJ's use of the Dictionary of Occupational Titles at step four of the sequential evaluation.

Plaintiff briefly raises an additional argument regarding the testimony of the vocational expert.  Specifically, plaintiff challenges the vocational expert's testimony regarding transferability of skills as internally inconsistent and asserts that the ALJ failed to adequately resolve the resulting conflicting evidence.  However, the transferability of skills issues concerns step five of the sequential evaluation (i.e., whether plaintiff is able to perform other work in the national economy).  The ALJ found plaintiff not disabled at step four because she is capable of performing her past relevant work.  Therefore, plaintiff's brief argument in this regard is moot in light of the court's finding that there was no error at step four of the sequential evaluation.

Turning lastly to plaintiff's credibility argument, it is well-established that the determination of credibility is a function of the ALJ, acting on behalf of the Commissioner.  See Saelee v. Chater, 94 F.3d 520, 522 (9th Cir. 1995).  An ALJ's assessment of credibility should, in general, be given great weight.  Nyman v. Heckler, 779 F.2d 528, 530-31 (9th Cir. 1985).  Thus, questions of credibility and resolution of conflicts in the testimony are

functions solely of the Commissioner.  Morgan, 169 F.3d at 599.  In

evaluating a claimant's subjective testimony regarding pain and the

severity of his or her symptoms an ALJ may consider the presence or

absence of supporting objective medical evidence along with other

factors.  See Bunnell v. Sullivan, 947 F.2d 341, 346 (9th Cir. 1991);

see also Smolen v. Chater, 80 F.3d 1273, 1285 (9th Cir. 1996).

Ordinary techniques of credibility evaluation may be employed, and

the adjudicator may take into account prior inconsistent statements

or a lack of candor by the witness.  See Fair v. Bowen, 885 F.2d 597,

604 n.5 (9th Cir. 1989).

     Nonetheless, an ALJ's rejection of a claimant's testimony

must be supported by specific findings.  Morgan, 169 F.3d at 599;

Matthews, 10 F.3d at 679 (citing Miller, 770 F.2d at 848).  Once a

claimant has presented evidence of an underlying impairment, the ALJ

may not discredit the claimant's testimony as to the severity of his

or her symptoms merely because the testimony is unsupported by

objective medical evidence.  Reddick v. Chater, 157 F.3d 715, 722

(9th Cir. 1998); Light v. Chater, 119 F.3d 789, 792 (9th Cir. 1997).

Rather, "the ALJ can reject the claimant's testimony about the

severity of [his or] her symptoms only by offering specific, clear

and convincing reasons for doing so."  Light, 119 F.3d at 792.  See

also Reddick, 157 F.3d at 722.

     Here, plaintiff specifically challenges the ALJ's decision

to not fully credit plaintiff testimony "regarding limitations on

using her fingers ...."  (Pl.'s Mot. for J. on the Pleadings at 23.)

Medical records document conditions which might reasonably be

expected to cause the symptoms alleged by plaintiff in this regard. However, while plaintiff alleges that she is totally unable to engage in her past relevant work, or any other work, due to the severity of her symptoms related to her fingers, the ALJ made specific and detailed findings in not fully crediting plaintiff's testimony on this subject. For example, as set forth above the findings of three examining physicians and two nonexamining physicians support the notion that plaintiff does not have manipulative limitations beyond limitations in feeling. (Tr. at 334-36, 353, 363-64, 378, 591, 595.)

Plaintiff contends that the opinion of one of the examining physicians, Dr. Guse, actually supports a finding of significant fingering and handling limitations. That contention is unpersuasive in light of the record. The ALJ noted the following somewhat contradictory language in Dr. Guse's report:

> The claimant's ability with the upper extremities for fine motor skills and manipulation is without limitation. Due to sensory loss she may have some difficulty with fine motor skills and dexterous movements such as manipulating small objects.

(Tr. at 591.) The ALJ observed that in the Medical-Source Statement of Ability to do Work-Related Activities (Physical) attached to Dr. Guse's report, Dr. Guse clearly indicated that plaintiff's abilities to reach in all directions; handle (i.e., engage in gross manipulation); and finger (i.e., engage in fine manipulation" were "unlimited." (Tr. at 595.) Dr. Guse further clearly indicated that plaintiff was "limited" in "feeling (skin receptors)" and that such a limitation required plaintiff to engage in only occasional feeling.

1  (Id.)  In light of this statement completed by Dr. Guse, and

2  considering the opinions of the other examining and nonexamining

3  physicians noted above, the court finds that the ALJ properly

4  discharged his responsibility in determining credibility and

5  resolving any conflicts or ambiguities in the medical testimony

6  regarding plaintiff's finger limitations.  See Magallanes v. Bowen,

7  881 F.2d 747, 750 (9th Cir. 1989).

8          In discounting plaintiff's testimony regarding the use of

9  her fingers, the ALJ also appropriately relied on plaintiff's

10  conservative care[3] and the extent of her daily activities.[4]

11  Plaintiff's argument regarding the ALJ's credibility analysis is

12  brief and does not take issue with these reasons articulated by the

13  ALJ for not fully crediting her testimony.  (Pl.'s Mot. for J. on the

14  Pleadings at 23.)  The court also notes that plaintiff's finger

15  impairment was the subject of only brief attention at the

16  administrative hearing.  (Tr. at 641-42.)

17          For these reasons the court finds that the ALJ fairly

18  characterized the record and sufficiently stated specific, clear and

19  convincing reasons for not fully crediting plaintiff's testimony

20

21          [3]  See Johnson, 60 F.3d at 1434 (considering claimant's
   conservative treatment as inconsistent with the debilitating
22  condition claimed in upholding denial of benefits); Fair, 885 F.2d at
   604 (same).

23          [4]  The court recognizes that "disability claimants should not be
   penalized for attempting to lead normal lives in the face of their
24  limitations."  See Reddick, 157 F.3d at 722.  However, the extent of
   plaintiff's daily activities, particularly when considered in
25  combination with the other evidence cited above, is probative of her
   ability to perform work.  See Orteza v. Shalala, 50 F.3d 748, 750
26  (9th Cir. 1995).

regarding the severity of her symptoms with respect to her fingers.
See <u>Tidwell v. Apfel</u>, 161 F.3d 599, 602 (9th Cir. 1998).

**CONCLUSION**

Accordingly, IT IS HEREBY ORDERED that:

1.   Plaintiff's motion for judgment on the pleadings is denied;

2.   Defendant's cross-motion for summary judgment is granted; and

3.   The decision of the Commissioner of Social Security is affirmed.

DATED: September 22, 2005.

_____

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:th
Ddad1\orders.socsec\burton0692.order

14